UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DANIEL CHEBETAR,

    Plaintiff,

v.

    Case No. 13-13038

    Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

On July 16, 2013, Plaintiff Paul Daniel Chebetar filed his complaint against the Internal Revenue Service, contending that it "deprived [him] of right to earn living since 1986." Plaintiff alleges that he was audited by the IRS in 1988-89 and although "I paid what was asked, I.R.S. never released me from this audit." He also contends that his mail was opened by the IRS in 1984 and that the results of an exam were changed from a passing to a failing grade. He further states that, in 2002, he was fired from a job after his boss performed a credit check and discovered that "Plaintiff does not like to pay taxes. Plaintiff was labeled a tax protester." Pl.'s Br. at 2. Plaintiff asserts that the IRS and Justice Department

"cheated Plaintiff out of his career and damaged his good name." Id. at 3. Plaintiff seeks relief pursuant to 26 U.S.C. § 7433.[1]

Defendant seeks dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies and that Plaintiff's claims are barred by the statute of limitations. Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Id. Pursuant to § 7433(d)(1), a plaintiff must exhaust his administrative remedies: "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Further, the statute of limitations under § 7433(d)(3) is two years: "an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of

---

[1] Plaintiff made similar allegations in a case that was dismissed in 2004. See Chebetar v. United States, 2004 WL 3094513 (E.D. Mich. Nov. 18, 2004) (Battani, J.).

action accrues."

Here, Plaintiff has not demonstrated that he has exhausted his administrative remedies within the IRS.  Further, Plaintiff has not alleged any wrongdoing by the IRS within the two-year limitations period.  For these reasons, Plaintiff's complaint must be dismissed.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

s/John Corbett O'Meara<br>United States District Judge

Date:  January 30, 2014


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 30, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager